## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  JOSHUA TERSKA, on behalf of himself and others similarly situated, ) ) ) | |
| ) | Case No.  CIV-22-513-HE |
| Plaintiff, ) ) | ATTORNEY LIEN CLAIMED JURY TRIAL DEMANDED |
| v. ) | |
| 1. NESTLE PURINA PETCARE CO., ) ) | |
| and ) ) | |
| 2. NESTLE USA, INC. ) ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, on behalf of himself and others similarly situated, pleads his claims as follows:

## PARTIES

1.    The Plaintiff is Joshua Terska, an adult residing in Oklahoma County, Oklahoma, who brings this action on behalf of himself and others similarly situated.

2.    The Defendants are Nestle Purina PetCare and Nestle USA, Inc., both foreign for-profit entities doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's claims, made on behalf of himself and others similarly situated, are for failure to pay wages, including overtime wages and agreed upon wages, in violation of the Oklahoma Protection of Labor Act (OPLA) and the Fair Labor Standards Act (FLSA).  Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. § 216. Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4.     Many of the actions giving rise to the claims of Plaintiff's and others similarly situated arose in Oklahoma County, Oklahoma, which is a county within the Western District of Oklahoma.   The Defendant may be served in Oklahoma County. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.     The Defendants each operate in multiple states including Oklahoma, Arizona, Pennsylvania, Nebraska, Iowa, Colorado, Georgia and Missouri and have at least five hundred thousand dollars ($500,000) in annual gross income such that both are subject to the Fair Labor Standards Act and Oklahoma's Protection of Labor Act.

6.     Defendant Nestle Purina PetCare holds itself out as Plaintiff's employer on his pay stubs.  Defendant Nestle USA, Inc. holds itself out as Plaintiff's employer on his W-2 forms.   Both Defendants exercised control over the Plaintiff's employment and compensation and are jointly and/or severally liable for the claims herein as direct employers, joint employers and/or an integrated enterprise.

7.     The Plaintiff has been employed by the Defendant since around May 2018.

8.     Plaintiff works under the job title of Packing Line Operator.

9.     There are at least thirty other employees who hold the job title of Packing Line Operator who work at Defendants' Oklahoma facility.

10.    Employees working under the title of Packing Line Operator are not exempt under the FLSA and are entitled to overtime compensation for all hours worked over forty in a given work-week.

11.    Defendants have claimed that it's workweek, for purposes of calculating the hours worked each week by its employees, begins on Monday and ends on Sunday.

2

12.     Defendants maintain production and other processes on a 24-hour basis, with this 24-hour period divided into three (3) 8-hour shifts known as First Shift, Second Shift and Third Shift.

13.     First Shift begins at 7 a.m. and ends at 3 p.m.  Second Shift begins at 3 p.m. and ends at 11 p.m.  Third Shift begins at 11 p.m. and ends at 7 a.m.

14.     Defendants have entered into agreements with Plaintiff and other employees to pay such employees their regular rates of pay in addition to additional wages for specific events such as:

    A.     An additional fifty-five cents ($0.55) per hour for working the Second Shift;

    B.     An additional fifty cents ($0.50) per hour for working the Third Shift;

    C.     Double the employees' wages for working on Sundays; and

    D.     Additional pay earned based on the amount of hours worked in the previous year which can be paid during the employee's vacation.

15.     Employees who are entitled to overtime for working more than forty hours per week, and who are entitled to the agreed-upon wages discussed in Para. 14, above, include employees working in nearly every department of the Defendants' Oklahoma location including the departments of Packing, Quality Assurance, Warehouse and Processing.[1]

16.     Defendants contract with Kronos to maintain records of the hours each employee works and to provide other payroll services.

_____

[1]For brevity, Plaintiff will refer to himself and others who are not exempt as "Non-Exempt Employees").

3

17.   Kronos is a third-party company that provides payroll, HR and other services to entities such as the Defendants.

18.   Around December 6, 2021 Plaintiff and other employees were told that the payroll system Defendants used to keep track of the hours each employee worked (Kronos), had "crashed".

19.   From around December 6, 2021 until around March 2022, the Defendants claimed that because of this "crash", it did not have accurate time records showing the hours worked by its Non-Exempt Employees.

20.   Instead of accurately recreating and calculating all hours worked by each Non-Exempt Employee, the Defendants estimated the amount of wages each employee earned. Defendant paid this amount to the Plaintiff and other Non-Exempt Employees even though such employees had actually earned more than the amount of the payment.

21.   To date, the Plaintiff and other Non-Exempt employees have not been paid for all wages agreed upon, earned and due for the period between Dec. 6, 2021 and about March 2022.

22.   Defendants' failure to overtime compensation to Plaintiff and other Non-Exempt Employees violates the FLSA, which requires payment of minimum wages and overtime wages of at least 1.5 times the employees' regular rate of pay; and violates the OPLA, which requires payment of minimum wages and agreed-upon wages.

23.   As a direct result of Defendants' conduct, the Plaintiff along with others similarly situated (Non-Exempt Employees) have suffered damages in the form unpaid overtime and other Agreed Upon Wages.

4

24. Plaintiff and others similarly situated are entitled to recover their wage loss, including unpaid minimum wages, unpaid overtime and unpaid agreed-upon wages, along with liquidated damages under both the federal and state law claims.

25. Because the Defendants' conduct was willful other Non-Exempt Employees are entitled to recover wage loss (including overtime, minimum wages and agreed-upon wages) incurred in the three years prior to filing this lawsuit.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

26. Failure to pay minimum wages and agreed-upon wages violate Oklahoma's Protection of Labor Act.

27. Under this Count the Plaintiff and others similarly situated are entitled to recovery of their wage loss and an equal amount of liquidated damages.

## COLLECTIVE/CLASS CERTIFICATION

28. To Plaintiff's knowledge, there are at least fifty employees in Oklahoma who also worked as Non-Exempt Employees and were not paid all wages earned and due between the period of December 6, 2022 and about March 2022.

29. Defendant has taken the following actions with respect to Plaintiff and other similarly situated employees (Non-Exempt Employees):

   A. Failed to pay minimum wages for all hours worked by such employees;

   B. Failed to pay overtime wages for hours worked by such employees in excess of forty in a work-week;

C.    Failed to pay all wages agreed upon between the Defendants and the Non-Exempt Employees.

30.    The actions described above, constitute violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206-07, *inter alia*, and Oklahoma's Protection of Labor Act, 40 Okla. St. §§ 165.1, *et seq*.

31.    The Plaintiff, together with other Non-Exempt Employees who performed similar job duties as the Plaintiff, were victims of a single decision, policy or plan that included decisions to not pay Plaintiff and other Non-Exempt Employees.

32.    The class is specifically knowable to include other Non-Exempt Employees whose compensation was affected by the "crash" of Defendant's payroll processing system (Kronos).

33.    For these reasons the Plaintiff is entitled to conditional certification of the class under the FLSA at this time and, after discovery is substantially complete, to file certification of the class under the FLSA and OPLA.

34.    The class is sufficiently numerous that it is impractical to name each member of the class individually, such that a class action is the most economical, expeditious and just way of managing this claim.

35.    There are questions of law or fact common to the class, including whether the employees worked hours and earned wages for which they were not compensated.

36.    Plaintiff, as a class representative, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

37.    The only factual matter different between the collective plaintiffs would be the

amount of wages loss and the damages owed.

## **PRAYER**

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated, prays that he be granted judgment in his favor and against the Defendant on claims and that this Court grant the Plaintiff and others in the class all available compensatory damages, liquidated damages, pre-and post-judgment interests, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 21st DAY OF JUNE 2021.**

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
mark@hammonslaw.com
amber@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Attorneys for Plaintiff*