IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| JOSHUA TERSKA, on behalf of himself and others similarly situated, | : | Case No. 5:22-cv-00513-HE |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NESTLÉ PURINA PETCARE CO., | : |  |
|  | : |  |
| Defendant. | : |  |

**DEFENDANT'S RULE 12(b)(2) PARTIAL MOTION TO DISMISS**

Kyle B. Russell
Kansas Bar No. 20457
Kyle.Russell@jacksonlewis.com
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
(913) 981-1018 – Telephone
*Licensed to practice in W.D. Okla.*

Eric R. Magnus
Georgia Bar No. 801405
Eric.Magnus@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th St., NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 – Telephone
*Licensed to practice in W.D. Okla.*

**ATTORNEYS FOR DEFENDANT**

## **Table of Contents**

Table of Authorities ........................................................................................... 3

I.      INTRODUCTION ................................................................................... 5

II.     ARGUMENT .......................................................................................... 7

    A.     This Court lacks personal jurisdiction over Defendant on putative class
    members' claims ..................................................................................... 7

    B.     This Court does not have general jurisdiction over Purina ................... 7

    C.     This Court does not have specific jurisdiction over claims on behalf of out of
    state class members in this matter........................................................ 10

    D.     The question of personal jurisdiction over the claims of out of state class
    members is ripe ..................................................................................... 18

III.    CONCLUSION .................................................................................... 19

CERTIFICATE OF SERVICE ........................................................................ 21

## **Table of Authorities**

**Cases**

*Allen v. Worldwide Flight Servs.*, 2021 U.S. Dist. LEXIS 88828 ....................................... 9

*Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234 ............................................... 8

*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 U.S. Dist. LEXIS 120590 ..... 18

*Anjum v. J.C. Penney Co.*, No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018 ......... 15, 16

*Aviles v. Kunkle*, 978 F.2d 201 ..................................................................................... 11

*Bone v. XTO Energy, Inc.*, 561 F. Supp. 3d 1132 ......................................................... 13

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137
   S.Ct. 1773 ................................................................................................................ passim

*Bucceri v. Cumberland Farms, Inc.*, 2017 WL 3495693 ................................................. 15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 ............................................................. 10

*Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028 ......................................................... 14

*Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191 ............................ 14

*Chavez v. Dole Food Co.*, 836 F.3d 205 .......................................................................... 8

*Chernus v. Logitech, Inc.*, 2018 U.S. Dist. LEXIS 70784 ................................................ 16

*Cunha v. Avis Budget Car Rental, LLC*, 221 F.Supp.3d 178 ......................................... 16

*Daimler AG v. Bauman*, 571 U.S. 117 .................................................................... 7, 8, 10

*DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947 ..................... 18

*Dental Dynamics, Ltd. Liab. Co. v. Jolly Dental Grp., Ltd. Liab. Co.*, 946 F.3d 1223 .... 12

*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co–op.*, 17 F.3d 1302 ..................... 12

*Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66 ..................................................... 15

*Green v. Fishbone Safety Sols., Ltd.*, No. 16-CV-01594-PAB-KMT, 2017 WL 4012123
   ................................................................................................................................. 11

*Greene v. Mizuho Bank, Ltd.*, 289 F.Supp.3d 870 ................................................... 14, 16

*Gucci America, Inc. v. Bank of China*, 768 F.3d 122 ....................................................... 9

*Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215 .......................................... 16

*In re Dental Supplies Antitrust Litig.*, 16 Civ. 696 (BMC) (GRB), 2017 WL 4217115 ... 14

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 .......... 11

*La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 ......................................................... 15

*Lichy v. Centerline  Commc'ns LLC*, Civil Action No. 15-cv-13339-ADB, 2018 WL
   1524534 ...................................................................................................................... 16

*Maclin v. Reliable Reports of Texas, Inc.*, 314 F.Supp.3d 845 ....................... 13, 14, 16, 17

*McCarthy v. Waxy's Keene, LLC*, Civil No. 16-cv-122-JD, 2016 WL 4250290 .............. 11

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 ........................................................... 8

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 ................................................... 16

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895 ........................................... 10

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 ............................................ 10, 11

*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206 .............................................. 11

*Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357 ................................................... 16

*Renne v. NextEra Energy, Inc.*, 2022 WL 2918123 ...................................................... 14

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 .............. 10, 11

*Roy v. FedEx Ground Package Systems, Inc.*, 353 F.Supp.3d 43 ............................ passim

*Samuelson v. Honeywell*, 863 F. Supp. 1503 .................................................................... 9

*Satterfield v. Government Employees Insurance Co.*, 287 F. Supp. 3d 1285 ................... 9

*Smith v. T–Mobile USA, Inc.*, 570 F.3d 1119 ................................................................ 16

*Spratley v. FCA US LLC*, 2017 WL 4023348 ................................................................. 16

*Stacker v. Intellisource, LLC*, No. 2021 WL 2646444 .................................................... 14

*Stoddard v. Love's Travel Stops & Country Stores, Inc.*, 2022 U.S. Dist. LEXIS 132390
................................................................................................................................... 15

*U.S. v. Swiss Am. Bank, Ltd.*, 274 F.3d 610 .................................................................. 11

*Warnick v. Cooley*, 895 F.3d 746 .................................................................................. 18

*Willingway Hosp., Inc. v. Blue Cross & Blue Shield*, 870 F.Supp. 1102 ......................... 11

*XMission, L.C. v. Fluent LLC*, 955 F.3d 833 ................................................................... 7

**Statutes**

29 U.S.C. § 216(b) ..................................................................................................... 15, 16

Okla. Stat. Ann., tit. 12, § 2004(F) ................................................................................. 12

**Other Authorities**

Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1063 (4th ed.,
1987) ............................................................................................................................ 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................... 6

Federal Rule of Civil Procedure 12(b)(2) .......................................................................... 5

Federal Rule of Civil Procedure 23 ..................................................................... 15, 16, 17

Federal Rule of Civil Procedure 4 ................................................................................... 11

I.      **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Nestlé Purina Petcare Co. ("Purina") respectfully requests that this Court dismiss Plaintiff Joshua Terska's ("Plaintiff's") putative nationwide collective claims under the Fair Labor Standards Act ("FLSA") for lack of personal jurisdiction.

On June 21, 2022, Plaintiff filed his initial Complaint in this matter.  *See* Dkt. 1.  In this Complaint, Plaintiff omitted any "Count I" under the FLSA, and therefore failed to plead the scope of any putative collective action he seeks to certify in this case.  Based on this omission, Defendant could not have been expected to respond to any claims asserted under Count I.  On August 29, 2022, Defendant filed a Motion to Dismiss.  *See* Dkt. 9.  In this Motion to Dismiss, Defendant included a footnote noting Plaintiff's failure to plead the scope of his putative FLSA collective and expressly reserved the right to move to dismiss any nationwide claims sought by Plaintiff should Plaintiff clarify the scope of any putative collective.  *Id.* at 6, n. 1.

On September 16, 2022, Plaintiff filed an Amended Complaint.  *See* Dkt. 11.  This time, Plaintiff included a "Count I" asserting claims under the FLSA, but again failed to define the scope of any putative collective.  *Id.* at 5.  Instead, Plaintiff vaguely alleged that "[u]nder this Count the Plaintiff and others similarly situated are entitled to recover their unpaid wages and an equal amount of liquidated damages," without alleging the scope of who Plaintiff considers "similarly situated."  *Id.*  Based on Plaintiff's failure to articulate the scope of the putative FLSA collective, once again Defendant could not have been expected to respond to any such claims.  On September 30, 2022, Defendant again moved

to dismiss under Fed. R. Civ. P. 12(b)(6).  *See* Dkt. 14.  Defendant again included a footnote stating:

> Defendant believes that Paragraph 32 of Plaintiff's Amended Complaint purports to limit the scope of the FLSA collective in this case to the state of Oklahoma.  *See* Doc. 11 at ¶ 32 (alleging that "[t]o Plaintiff's knowledge, there are at least fifty employees in Oklahoma who also worked as Non-Exempt Employees and were not paid all wages earned and due between the period of December 6, 2022 and about March 2022.")  To the extent Plaintiff seeks to bring a collective action under the FLSA on behalf of any employees of Defendant outside the state of Oklahoma, the Court lacks jurisdiction over such claims.  *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).  Defendant expressly reserves the right to move to dismiss or to oppose any motion to certify any collective claims purporting to proceed on behalf of employees outside of Oklahoma for lack of jurisdiction.

*Id.* at 5.  Because Plaintiffs did not set forth the scope of the putative FLSA collective in the Amended Complaint, Defendant could not possibly have moved to dismiss any putative nationwide claims in its second Motion to Dismiss.

On October 21, 2022, Plaintiff filed his response in opposition to Defendant's second Motion to Dismiss.  *See* Dkt. 15.  In this brief, Plaintiff for the first time suggests that the scope of the putative FLSA collective in this case may not be limited to Oklahoma. *Id.* at 11 ("Plaintiff's Amended Complaint does *not* facially limit the FLSA collective to the state of Oklahoma.")  Despite repeated opportunities to do so in his Amended Complaint or in his response to Defendant's Motion to Dismiss, Plaintiff still has not amended his Complaint to state the scope of the putative FLSA collective.  Instead, Plaintiff leaves the Court and Defendant to guess at the putative scope.  Because of this seemingly intentional vagueness, Defendant now moves to dismiss Plaintiff's FLSA claims on behalf of persons who did not work for Defendant in Oklahoma for lack of personal

jurisdiction.  This Court lacks general jurisdiction over Defendant because Oklahoma is not Defendant's state of incorporation or its principal place of business.  This Court lacks specific jurisdiction over any claims by individuals outside of Oklahoma against Defendant because such claims do not arise out of Defendant's operations in this state.

II.   **ARGUMENT**

A.   **This Court lacks personal jurisdiction over Defendant on putative class members' claims**

"The plaintiff has the burden of establishing personal jurisdiction" over Defendant. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). Plaintiff has not met his burden of establishing this Court's personal jurisdiction over Defendant with respect to claims by employees who did not work for Defendant in Oklahoma.

There are two categories of personal jurisdiction – general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126-28 (2014). Where a court has general jurisdiction over a defendant, it enjoys adjudicatory authority over any and all claims asserted against that defendant. *Id.* Specific jurisdiction, on the other hand, where otherwise appropriate, bestows adjudicatory authority on a court only for claims "aris[ing] out of or relate(d) to the defendant's contacts with the forum." *Id.* In this action, neither category is present with respect to Plaintiff's claims against Purina on behalf of individuals that did not work for Defendant in Oklahoma. Accordingly, Plaintiff's claims on behalf of non-Oklahoma putative class members against Purina must be dismissed for lack of personal jurisdiction.

B.   **This Court does not have general jurisdiction over Purina**

The Supreme Court made clear that:

> only a limited set of affiliations with a forum will render a defendant
> amenable to all-purpose jurisdiction there [-] [f]or an individual, the
> paradigm forum for the exercise of general jurisdiction is the individual's
> domicile; for a corporation, it is an equivalent place, one in which the
> corporation is fairly regarded as at home.

*Daimler,* 571 U.S. at 137 (emphasis added, internal quotations and citations omitted). Thus,

in *Daimler*, the Court rejected the assertion that general jurisdiction could be exercised

over a corporate defendant in in any state in which the corporation "engages in a

substantial, continuous, and systematic course of business." *Id.*, at 137-38. Rather, a court

may assert general jurisdiction over a corporation only where its "affiliations with the

[forum state] are so continuous and systematic as to render [it] essentially at home in the

forum [s]tate." *Id.*, at 127, 138-39 (emphasis added, internal quotations and citations

omitted); *see also Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1241 (10th

Cir. 2016) ("A corporation that operates in many places can scarcely be deemed at home

in all of them"). While noting that there may exist the "exceptional case" where "a

corporation's operations in a forum other than its formal place of incorporation or principal

place of business may be so substantial and of such a nature as to render the corporation at

home in that [s]tate," in all but such exceptional cases, general jurisdiction over a corporate

defendant is limited to courts within the corporation's place of incorporation and principal

place of business. *Id.*, 571 U.S. at 137-39, n. 19.

   Thus, as recognized by other circuit courts, "it is 'incredibly difficult to establish

general jurisdiction [over a corporation] in a forum other than the place of incorporation or

principal place of business.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016)

(alteration in original, quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th

Cir. 2014)); *see Gucci America, Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) ("[a]side from 'an exceptional case' …, a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or principal place of business").

Purina's principal place of business and state of incorporation are Missouri (*see* Am. Compl., ¶ 5) and Delaware (*see* Declaration of Andrea Davidson, attached as Exhibit A ("Ex. A") at ¶ 8, respectively – and Plaintiff has presented no evidence of, nor has he even alleged, any Purina contacts with Oklahoma that could even arguably be deemed so continuous and systematic as to render Purina essentially "at home" there.  In terms of Purina's contacts with Oklahoma, Plaintiffs only allege that Purina: is registered to do business in Oklahoma (¶ 2), has a registered agent in Oklahoma (¶ 4), does business in Oklahoma (¶ 5), and has a facility in Oklahoma where it employs employees (¶¶ 11, 13, 32).  None of these allegations are sufficient to confer general jurisdiction over Defendant in Oklahoma.  *See, e.g. Allen v. Worldwide Flight Servs.*, 2021 U.S. Dist. LEXIS 88828 *9 (W.D. Okla. Jan. 12, 2021) (holding that having a single location in Oklahoma, registering to do business and having a registered agent in a state are not enough to confer general jurisdiction over a company); *Satterfield v. Government Employees Insurance Co.*, 287 F. Supp. 3d 1285, 1297 (W.D. Okla. 2018) (holding an insurance company's license to do business in Oklahoma did not render the company "at home" in this state); *Samuelson v. Honeywell*, 863 F. Supp. 1503, 1506-07 (E.D. Okla. 1994) (holding a defendant's registered agent and registration to do business were insufficient to confer general jurisdiction over the defendant).

C.    <u>This Court does not have specific jurisdiction over claims on behalf of out of state class members in this matter</u>

"Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (citing *Daimler*, 134 S.Ct. at 754). A defendant may be subjected to the specific jurisdiction of the forum state's courts if it purposefully directed its activities at the state's residents, and if the cause of action arises out of those activities. *Id.* "In order for a ... court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) (quoting *Daimler*, 571 U.S. at 127; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (specific jurisdiction may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities.").

These principles of specific personal jurisdiction apply in cases of federal question jurisdiction such as this case:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) "whether the applicable statute potentially confers jurisdiction" by authorizing service of process on the defendant and (2) "whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir.1997); *see also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (finding, in a federal question case, that before a federal court may exercise personal jurisdiction over a defendant, there must be "a basis for the defendant's amenability to service of summons").

While service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are distinct concepts that require separate inquiries. *Willingway Hosp., Inc. v. Blue Cross & Blue Shield*, 870 F.Supp. 1102, 1104 (S.D.Ga.1994) (citing Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1063 (4th ed., 1987)). In the federal system, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. By contrast, "'[t]he requirement that a court have personal jurisdiction flows ... from the Due Process Clause.... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.'" *Omni Capital Int'l*, 484 U.S. at 104, 108 S.Ct. 404 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). More specifically, in federal question cases, personal jurisdiction flows from the Due Process Clause of the Fifth Amendment. *See id*. at 103–04, 108 S.Ct. 404 (assuming, in a federal question case, that a court's exercise of personal jurisdiction must comport with Fifth Amendment due process principles); *Republic of Panama*, 119 F.3d at 942 ("It is well established that when ... a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment.").

*Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209–10 (10th Cir. 2000).

With respect to whether the applicable statute confers jurisdiction over defendants by authorizing service of process, the FLSA does not allow nationwide service, and therefore service is only effective if the defendant is subject to jurisdiction in the forum state. *See Roy v. FedEx Ground Package Systems, Inc.*, 353 F.Supp.3d 43, 53 (D. Mass. 2018) (citing *U.S. v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992); *McCarthy v. Waxy's Keene, LLC*, Civil No. 16-cv-122-JD, 2016 WL 4250290, at *2 (D.N.H. Aug. 10, 2016)). "Because the FLSA is silent as to service of process, the Court looks to the long-arm statute of the forum state." *Green v. Fishbone Safety Sols., Ltd.*, No. 16-CV-01594-PAB-KMT, 2017 WL 4012123, at *1 (D.

11

Colo. Sept. 12, 2017) (citing *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co–op.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994)).

The Oklahoma long arm statute, Okla. Stat. Ann., tit. 12, § 2004(F), authorizes courts to "exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States. . . Accordingly, the analysis collapses into a single due process inquiry" *Dental Dynamics, Ltd. Liab. Co. v. Jolly Dental Grp., Ltd. Liab. Co.*, 946 F.3d 1223, 1229 (10th Cir. 2020).

There is no dispute that this Court has specific jurisdiction over Plaintiff's claims and the putative claims of any other putative opt-ins that worked for Purina in Oklahoma during the period of the Kronos hack.  Such claims arise from Purina's contacts with Oklahoma.  However, only a small percentage of Defendant's employees affected by the Kronos hack were employed in Oklahoma.  Plaintiff alleges it is "at least 50."  *See* Am. Compl. at ¶ 32.  In fact, as of November 8, 2022, Purina has 22 U.S. factories, only one of which is in Oklahoma.  *See* Ex. A at ¶ 6.  As of the same date, Purina has 6,425 non-exempt employees in the United States, 364 of which (5.67%) are in Oklahoma.  *Id.* at ¶ 7.  Purina's presence in Oklahoma, relative to the overall scope of the company, is therefore extremely limited.

Because of these limited operations in Oklahoma, with respect to FLSA claims by putative class members that worked for Purina outside of Oklahoma during the Kronos hack period, this Court would not have specific jurisdiction over Defendant with respect to such claims.  Putative class members that did not work for Purina in Oklahoma and who would be included as putative collective members if this Court does not grant this Motion

have no connection to Oklahoma. Their claims do not arise out of Purina's contacts with Oklahoma which are the only claims for which this Court has jurisdiction. Due process considerations and the requirement of minimum contacts showing a connection between the forum and the specific claims simply would not allow this Court to exercise personal jurisdiction over Defendant on such claims.

Recognizing that this Court's jurisdiction over nationwide claims would be challenged, Plaintiff cites to a few unpublished cases by federal district courts in his response to Defendant's pending Motion to Dismiss (Dkt. 15 at 11-13) that provide a very limited analysis of jurisdictional issues. Moreover, those cases are distinguishable. More persuasive are published opinions by federal district courts providing a more thorough analysis on the same issues presented in this case: *Roy v. FedEx Ground Package Systems, Inc.*, 353 F.Supp.3d 43 (D. Mass. 2018) and *Maclin v. Reliable Reports of Texas, Inc.*, 314 F.Supp.3d 845 (N.D. Ohio 2018) in particular. These cases recognize features of FLSA collective actions that this Court has also recognized, and moreover, thoroughly examine several United States Supreme Court and Circuit Court opinions on the jurisdictional analysis in FLSA collective actions.

Although this Court has not decided whether *Bristol-Myers* applies to FLSA collectives on behalf of out-of-state putative collective members, district courts in the Tenth Circuit and around the country have since applied the logic and holding of *Bristol-Myers* to both FLSA collective actions, *e.g., Bone v. XTO Energy, Inc.*, 561 F. Supp. 3d 1132, 1136-38 (D.N.M. 2021) (applying *Bristol-Myers* to limit collective action to New Mexico plaintiffs), and Rule 23 class actions, *e.g., Stacker v. Intellisource, LLC*, No. 2021

WL 2646444, *8-11 (D. Kan. June 28, 2021) (striking nationwide class allegations because court lacked jurisdiction over non-resident class members' claims against non-resident defendant and ordering plaintiff to file amended complaint narrowing class allegations to residents of forum state); *Renne v. NextEra Energy, Inc.*, 2022 WL 2918123, at *10-11 (D. Kan. July 25, 2022) (same). As explained in *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020),

> the rationale for the holding in *Bristol-Myers Squibb* indicates that if and when the Supreme Court is presented with the question, it will also hold that a state cannot assert specific personal jurisdiction over a defendant for the claims of unnamed class members that would not be subject to specific personal jurisdiction if asserted as individual claims.

*Id.* at 1035.

District courts declining to follow applicable precedent by the United States Supreme Court should not be persuasive here. "*Bristol-Myers* applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims" of non-resident plaintiffs against a nonresident Defendant. *Roy*, 353 F.Supp.3d at 55 (quoting *Maclin*, 314 F.Supp.3d at 850). Due process requires a connection between the forum and the specific claims at issue. *Id.* at 56. (citing *Bristol-Myers*; *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191 at *10 (N.D. Ill. May 16, 2018); *Greene v. Mizuho Bank, Ltd.*, 289 F.Supp.3d 870, 874 (N.D. Ill. 2017)). "That principle applies with equal force whether or not the plaintiff is a putative class representative." *Id.* (quoting *Greene*, at 874 (non-FLSA class action)). "Personal jurisdiction in class actions must comport with due process just the same as any other case." *Id.* (quoting *In re Dental Supplies Antitrust Litig.*, 16 Civ. 696 (BMC) (GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017)). Plaintiff and

14

putative class members cannot bypass due process considerations just because Plaintiff is seeking conditional certification of a class.

This court has also recognized and acknowledged these differences between a collective action under the FLSA and a Rule 23 class action. *See, e.g. Stoddard v. Love's Travel Stops & Country Stores, Inc.*, 2022 U.S. Dist. LEXIS 132390, *5-6 (W.D. Okla. July 26, 2022) ("Unlike class actions under Federal Rule of Civil Procedure 23, the FLSA requires the similarly situated employees to actively 'opt-in' to a FLSA collective action by filing a written consent with the court.") It is this precise nature of FLSA collective actions that ensures that the Supreme Court's opinion in *Bristol-Myers* must apply to claims of putative class members in an FLSA action.

In a collective action under 29 U.S.C. § 216(b), plaintiffs must file a written consent to become a party, and this provision is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, rather than an aggregate class recognized under Rule 23. *Roy*, 353 F.Supp.3d at 58-60 (citing, in part, *Anjum v. J.C. Penney Co.*, No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014)).

> "The sole consequence of conditional certification [under § 216(b)] is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Bucceri v. Cumberland Farms, Inc.*, 2017 WL 3495693, at *2 (emphasis added) (citation omitted) (citing *Genesis Healthcare Corp.*, 569 U.S. at 75, 133 S.Ct. 1523). Put another way, only the employees who affirmatively opt into the suit by filing their written consent are parties who are "bound or may benefit from judgment." *LaChapelle*, 513 F.2d at 288. "'A collective action is thus "a fundamentally different creature than the Rule 23 class action" because "the existence of a collective action under § 216(b) [depends] on the active participation of other plaintiffs."'" *Lichy v.*

15

*Centerline Commc'ns LLC*, Civil Action No. 15-cv-13339-ADB, 2018 WL 1524534, at *2 (D. Mass. Mar. 28, 2018) (quoting *Prescott*, 729 F.Supp.2d at 362). *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) ("When a named plaintiff files a complaint containing FLSA collective action allegations, the mere presence of the allegations does not automatically give rise to the kind of aggregate litigation provided for in Rule 23. Rather, the existence of a collective action depends upon the affirmative participation of opt-in plaintiffs.") (citing *Smith v. T–Mobile USA, Inc.*, 570 F.3d 1119, 1121 (9th Cir. 2009); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)); *Cunha v. Avis Budget Car Rental, LLC*, 221 F.Supp.3d 178, 181 (D. Mass. 2016) ("'Unlike [Rule] 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt in and be bound by any judgment.'") (citation omitted). "In other words, 29 U.S.C. § 216(b) does not truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees." *Anjum v. J.C. Penney Co.*, No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014) Therefore, the opt-in plaintiffs in an FLSA collective action are more analogous to the individual plaintiffs who were joined as parties in *Bristol-Myers* and the named plaintiffs in putative class actions than to members of a Rule 23 certified class. *See Bristol-Myers*, 137 S.Ct. at 1778, 1781; *Chernus*, 2018 WL 1981481, at *6; *Maclin*, 314 F.Supp.3d at 85051; *Greene*, 289 F.Supp.3d at 874; *Spratley*, 2017 WL 4023348, at *7. By extension, *Bristol-Myers* requires that the defendant be subject to specific jurisdiction as to the claims of FLSA opt-in plaintiffs in putative collective actions. Similarity of claims, alone, is not sufficient to extend personal jurisdiction to out-of-state opt-in plaintiffs. *See Bristol-Myers*, 137 S.Ct. at 1781; *Greene*, 289 F.Supp.3d at 875.

*Roy*, 353 F. Supp. 3d 43, 59–60.

In short, this Court does not have personal jurisdiction over Defendant as to putative class members that did not work in Oklahoma because due process does not permit the court to exercise specific jurisdiction over Purina regarding those claims. *See Roy*, 353 F.Supp.3d 43, 61 ("Because Plaintiffs cannot satisfy the relatedness requirement for the claims of the FedEx Ground drivers who did not work in Massachusetts, due process does not permit the court to exercise specific jurisdiction over Defendant regarding their

16

claims."); *see also Maclin*, 314 F.Supp.3d at 850 (only 14 employees lived and worked in the forum state, and the other 424 employees lived and worked outside the forum state, so their claims had no connection to the forum state; therefore, the court did not have jurisdiction over the defendant on FLSA claims by the other 424 employees and the out-of-state employees could bring a collective action in their respective home states or in states that had general jurisdiction over the defendant).

In *Roy* and *Maclin*, the courts recognized that *Bristol-Myers* applies to determine whether a court has personal jurisdiction over claims by putative class members, largely in part to the nature of collective actions under the FLSA and how a FLSA collective action differs from a class action brought under Rule 23. *Roy*, 353 F.Supp.3d at 58-59; *Maclin*, 314 F.Supp.3d at 850-851.  Similarly to *Roy* and *Maclin*, this Court does not have specific jurisdiction over Purina employees who did not work in Oklahoma and were not employed in Oklahoma.  Such claims do not arise out of Purina's Oklahoma-directed activities. It would violate due process to force Purina to litigate FLSA claims by such putative class members in this Court. Because this Court has personal jurisdiction over Defendant only with respect to FLSA claims that might be brought by individuals who worked in Oklahoma (Plaintiffs allege "at least 50" putative class members in Oklahoma), this Court should dismiss Plaintiff's FLSA claims on behalf of any putative class member that worked for Purina outside of Oklahoma.

D.     **The question of personal jurisdiction over the claims of out of state class members is ripe**

Finally, Plaintiff's argument in response to Defendant's Motion to Dismiss that it is premature to decide the *Bristol-Myers* jurisdictional issue with respect to putative out of state class members is misplaced. *See, e.g. Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 U.S. Dist. LEXIS 120590, *2-4 (N.D. Ill. July 19, 2018); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (granting motion to dismiss claims "to the extent" the claims "seek to recover on behalf of out-of-state plaintiff classes" on the basis of *Bristol-Myers*).   At the Motion to Dismiss stage, the Court relies upon the allegations in the Complaint. *Warnick v. Cooley*, 895 F.3d 746, 750-51 (10th Cir. 2018).   As demonstrated above, the factual allegations alleged in Plaintiff's Amended Complaint alone establish Purina's very limited nexus to Oklahoma.   These limited contacts are insufficient to establish either general jurisdiction over Purina or specific jurisdiction over the claims of out of state putative class members. In this case, the decision to dismiss these putative nationwide claims is ripe now based on Plaintiff's allegations in the Amended Complaint.

If the Court delays this decision until the class certification stage as suggested by Plaintiff, there are prejudicial effects on Purina for leaving in the case the claims of putative class members who cannot proceed with their claims in this Court.   First and foremost, Plaintiff's maintenance of putative nationwide claims dramatically affects the scope of discovery that Plaintiff may request from Defendant.   If the potential claims of out-of-state employees are allowed to remain in the case, Plaintiff will almost surely seek discovery for

hundreds if not thousands of putative class members who worked for Purina during the Kronos hack and who cannot proceed with their claims here because they have no nexus to Oklahoma. Purina will oppose such discovery, causing unnecessary discovery disputes for this Court to resolve. The resolution of such disputes will be based on the same jurisdictional issue that the Court can resolve now. Second, Plaintiff's maintenance of putative nationwide claims undoubtedly will inhibit the Parties' ability to resolve this matter. Nearly all FLSA claims ultimately settle. Purina's position in settlement discussions will be that this case should be limited to employees who worked for Purina in Oklahoma as articulated herein. As long as Plaintiff maintains potential claims in this case on behalf of individuals who cannot properly recover, there will be a massive inhibition to potential resolution. Third, resolution of the jurisdictional scope of the FLSA collective can prevent out-of-state individuals from filing consents to participate prior to conditional certification, when their claims ultimately must be dismissed for lack of jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, Purina respectfully requests that the Court grant this Motion and issue an order dismissing Plaintiff's putative collective claims under the FLSA on behalf of those individuals that did not work for Purina in Oklahoma.

*Kyle Russell*
Kyle B. Russell
Kansas Bar No. 20457
Kyle.Russell@jacksonlewis.com
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
(913) 981-1018 – Telephone
*Licensed to practice in W.D. Okla.*

Eric R. Magnus
Georgia Bar No. 801405
Eric.Magnus@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th St., NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 – Telephone
*Licensed to practice in W.D. Okla.*

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document was served upon the attorneys of record of all parties to the above cause in accordance with Federal Rule of Civil Procedure 5 on November 15, 2022.

/s/ Kyle Russell
Kyle B. Russell