IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JOSHUA TERSKA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br>1. NESTLE PURINA PETCARE CO.,<br><br>Defendant. | Case No. CIV-22-0513-HE |

**MOTION TO STRIKE DEFENDANT'S SECOND MOTION TO DISMISS
CHALLENGING PLAINTIFF'S AMENDED COMPLAINT**

The Plaintiff, Joshua Terska, on behalf of himself and others similarly situated, moves this Court to strike Defendant's *second* Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 17.

1. Plaintiff filed his initial Complaint on June 21, 2022 asserting claims against Defendant, Nestle Purina Petcare Co. and Nestle USA, Inc. Dkt. 1.

2. Defendant and Nestle USA, Inc. jointly filed a "Rule 12(b)(6) and Rule 12(b)(2) Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction". Dkt. 9. Defendants argued that the Court lacks personal jurisdiction over Nestle USA, Inc. but did not claim a lack of jurisdiction over Nestle Purina Petcare Co. *Id.*, ECF p. 5 and 24-29.

3. Plaintiff filed an Amended Complaint on September 16, 2022 naming only Nestle Purina Petcare Co. as a defendant. Dkt. 11.

4. On September 30, 2022 Defendant Nestle Purina Petcare Co. (the only defendant remaining) filed a "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim". Dkt. 14. Defendant did <u>not</u> challenge the Court's jurisdiction. *Id*.

5. Plaintiff responded to Defendant's Motion on October 21, 2022. Dkt. 15. Defendant did not file a reply.

6. On November 15, 2022 Defendant filed a *second* motion to dismiss which, for the *first time*, challenges the Court's personal jurisdiction. Specifically, Defendant argues that over a nationwide collective action even though Plaintiff has not moved for certification of a nationwide collective action and the Court has never certified such action. Dkt. 17.

7. Defendant's combined motions to dismiss are twenty-nine (29) pages long[1] although Defendant did not seek or obtain leave of Court to file two motions or to exceed the 25-page limitation on motions other than motions for summary judgment. LCvR7.1(e).

8. Defendant's second motion to dismiss is an impermissible run-around the Local Rule's page limitation and the Federal Rules' prohibition on filing successive Rule 12(b) motions. In short, the second motion is not allowed and it should be stricken with prejudice to refiling.

## ARGUMENT AND AUTHORITY

"Nothing in the Federal Rules of Civil Procedure authorizes multiple Rule 12(b) motions by the same defendant against the same complaint." *Ramsey v. Sw. Corr.*

---

[1] Not included including the captions and certificates of service.

Indeed, Rule 12 specifically prohibits successive 12(b) motions challenging the same complaint. Fed.R.Civ.P.12(g)(2)("*Limitations on Further Motions*. "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule <u>must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion</u>." Underlining supplied.

While Defendant could have asserted a personal jurisdiction defense in its first motion challenging the Amended Complaint, or waited to assert the defense in its Answer, "[i]f a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, <u>he waives these defenses</u>." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992), underlining supplied; accord *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1314 (10th Cir. 1994).

**WHEREFORE**, Defendant's "Rule 12(b)(2) Partial Motion to Dismiss", Dkt. 14, must be stricken with prejudice to refiling.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF NOVEMBER 2022**.

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 15th day of NOVEMBER, 2022.

Kyle B. Russell
Kansas State Bar No. 20457
Kyle.Russell@jacksonlewis.com
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
(913) 981-1018 – Telephone
Licensed to practice in W.D. Okla.

And

Eric R. Magnus
Georgia Bar No. 801405
Eric.Magnus@jacksonlewis.com
171 17th St., NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 – Telephone
Licensed to practice in W.D. Okla.
*Counsel for Defendants*              s/ Amber L. Hurst