IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA TERSKA, on behalf of himself and others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NESTLE PURINA PETCARE CO., )<br>)<br>Defendant. ) | NO. CIV-22-0513-HE |

## ORDER

Plaintiff's amended complaint alleges defendant violated the Fair Labor Standards Act and Oklahoma's Protection of Labor Act by failing to pay for all hours worked, failing to properly pay for overtime, and failing to maintain and preserve accurate records of hours worked by employees. Plaintiff seeks to represent other employees in a FLSA collective action. Defendant has filed a motion to dismiss the amended complaint.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court. *Id.* Thus, dismissal under

Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

The complaint states plausible claims for relief. It alleges that plaintiff and his coworkers are nonexempt employees under the FLSA entitled to overtime compensation if they work more than 40 hours in a given week and that employees and defendant had entered into agreements to provide for higher wages for second and third shift employees and for all employees who worked on Sundays. The complaint alleges that defendant admitted to employees that it did not have accurate time records due to a payroll system crash. It is alleged that defendant paid employees based on an estimated amount of time each employee worked from December 6, 2021, until around March of 2022, due to the system crash. He contends that during this period he and other employees worked more than 40 hours in at least one week but were not paid overtime wages for the extra time worked and that defendant failed to pay employees the agreed upon shift and Sunday bonus rates of pay. While somewhat sparse, the court concludes that plaintiff's factual allegations are sufficient to provide defendant notice of the claims asserted and to meet the standards for avoiding a 12(b)(6) dismissal.

Accordingly, defendant's Motion to Dismiss [Doc. #14] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE