IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA TERSKA, on behalf of himself and others similarly situated, | : | Case No. 5:22-cv-00513-HE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NESTLÉ PURINA PETCARE CO., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S RULE 12(b)(2) PARTIAL MOTION TO DISMISS**

Kyle B. Russell
Kansas Bar No. 20457
Kyle.Russell@jacksonlewis.com
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
(913) 981-1018 – Telephone
*Licensed to practice in W.D. Okla.*

Eric R. Magnus
Georgia Bar No. 801405
Eric.Magnus@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th St., NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 – Telephone
*Licensed to practice in W.D. Okla.*

Philip R. Bruce
Oklahoma Bar No. 30504
MCAFEE & TAFT A PROFESSIONAL
CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102-7103
Telephone:          (405) 552-2390
Facsimile:  (405) 228-7390

**ATTORNEYS FOR DEFENDANT**

Plaintiff Joshua Terska's ("Plaintiff's") Motion to Strike (Dkt. 18) Defendant Nestlé Purina Petcare Co.'s ("Purina's") Rule 12(b)(2) Motion to Dismiss should be denied by this Court for four reasons: (1) Purina's need to file a second Partial Motion to Dismiss was caused by Plaintiff's failure to plead the scope of the putative FLSA collective; (2) the personal jurisdiction defense Purina asserts in the second Partial Motion to Dismiss was unavailable at the time of the filing of Purina's first Motion to Dismiss Plaintiff's Amended Complaint; (3) Plaintiff's Motion to Strike another motion is procedurally impermissible under the Federal Rules; and (4) Plaintiff's Motion to Strike would needlessly delay the Court's decision on personal jurisdiction over Purina with respect to claims asserted by out-of-state members of the putative collective.

### A. Purina's need to file a second Partial Motion to Dismiss was caused by Plaintiff's failure to plead the scope of the putative FLSA collective

The *only* reason Purina is in the position of having to file a second Motion to Dismiss on personal jurisdiction is because of Plaintiff's repeated decision not to define the scope of his putative Fair Labor Standards Act ("FLSA") collective in his Complaint (Dkt. 1) or Amended Complaint (Dkt. 11). In his initial Complaint, Plaintiff failed to plead a Count under the FLSA at all. In his Amended Complaint, Plaintiff again failed to define the scope of the putative FLSA collective. Had Plaintiff articulated that he planned to proceed on behalf of a nationwide collective in either his initial or Amended Complaint, Purina would have moved to dismiss Plaintiff's nationwide claims under Rule 12(b)(2) at that time. Because Plaintiff did not define the scope of his putative FLSA collective, Purina could not move to dismiss claims that had not been asserted. Because of the vagueness of

Plaintiff's pleadings, Purina expressly called out the issue and reserved its right to raise the personal jurisdiction issue in a subsequent motion in both its responses to Plaintiff's original and amended Complaints. *See* Dkt. 9 at 6, n.1; Dkt. 14 at 5.

Instead of articulating the scope of their putative collective in either of their Complaints, Plaintiff instead waited until his response in opposition to Defendant's second Motion to Dismiss (Dkt. 15) to suggest for the first time that the scope of the putative FLSA collective in this case may not be limited to Oklahoma. *Id.* at 11. Because of Plaintiff's failure to plead the scope of his putative collective in either Complaint, Purina could not possibly have asserted its personal jurisdiction defense prior to when it did. Purina's 12(b)(2) Motion is "partial" because it only seeks dismissal of the nationwide claims asserted for the first time in Plaintiff's Response to Defendant's first Motion to Dismiss. Plaintiff's Motion to Strike contends that Defendant is required to guess at the scope of Plaintiff's putative FLSA collective and respond accordingly, or else waive any such defenses, even though the burden is on Plaintiff to articulate the scope of his collective. *See, e.g. United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 882 (11th Cir. 2003) (making clear that in a class action, a complaint must generally give the defendant notice of the nature and scope of the plaintiffs' claims). The Court should not permit Plaintiff's apparent tactic of hiding his intent with respect to the scope of his FLSA collective from the Court and from Defendant and then prevent Defendant from asserting an applicable jurisdictional defense once he has clarified such intent. This is precisely what Plaintiff's Motion to Strike seeks to do. For this reason, the Court should deny Plaintiff's Motion to Strike.

**B.  Purina's personal jurisdiction defense was unavailable at the time of the filing of Purina's first Motion to Dismiss Plaintiff's Amended Complaint**

In his Motion to Strike, Plaintiff articulates precisely why Purina must be permitted to file a second, Partial Motion to Dismiss Plaintiff's Amended Complaint.  Plaintiff notes that Fed. R. Civ. P. 12(g)(2) provides in relevant part that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party but omitted from its earlier motion*."  *See* Dkt. 18 at 3 (emphasis added).  Purina's Partial Rule 12(b)(2) Motion seeking to dismiss Plaintiff's nationwide FLSA claims was clearly unavailable to Purina at the time it filed its first Motion to Dismiss Plaintiff's Amended Complaint because of Plaintiff's repeated failure to articulate the scope of his putative FLSA collective in his Complaints.  Purina's Motion to Dismiss Plaintiff's putative nationwide claims under the FLSA was plainly unavailable as Plaintiff had not articulated or plead any intent to pursue a nationwide collective until filing his Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Purina's Rule 12(b)(2) Motion to Dismiss is not "an impermissible run-around the Local Rule's page limitation" as Plaintiff claims. Had Plaintiff articulated the scope of his putative FLSA collective in either of his Complaints, Purina would have asserted its personal jurisdiction arguments accordingly.

**C.  Plaintiff's Motion to Strike another motion is procedurally impermissible under the Federal Rules**

Plaintiff's Motion to Strike should also be denied because it is procedurally improper.  The applicable federal rule governing Motions to Strike, Rule 12(f), provides that on motion made by a party, the court may "strike from a *pleading* an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2) (emphasis added). "By its express language, Rule 12(f)(2) applies only to material contained in *pleadings*—not to *motions*" and "can only be used to strike portions of pleadings." *Gardner v. Long*, 2020 U.S. Dist. LEXIS 49023, at \*12 (D. Utah Mar. 20, 2020). Rule 7(a) defines "pleadings" as a complaint, answer, a third-party complaint, and a reply to an answer if the court orders one. Fed. R. Civ. P. 7(a). This rule is well held in the Tenth Circuit. "[N]o provision in the [Federal Rules of Civil Procedure] authorizes motions to strike other motions." *Sevier v. Thompson*, 2017 U.S. Dist. LEXIS 229587, at \*3-4 (D. Utah Oct. 13, 2017) (noting that "courts in the Tenth Circuit have repeatedly denied motions to strike other motions and memoranda"). Plaintiff's Motion to Strike is not permitted under the Rules, and the Court, therefore, should deny it for this reason alone.

### D. Plaintiff's Motion to Strike would needlessly delay the Court's decision on personal jurisdiction over Purina with respect to claims by out-of-state members of the putative collective

In addition to being procedurally improper, Plaintiff's Motion to Strike should be denied because the Court failing to consider Defendant's Rule 12(b)(2) Motion to Dismiss would be futile and needlessly delay the litigation. If the party moving to dismiss can promptly repeat the same arguments from its motion to dismiss through a different procedural vehicle, which Plaintiff concedes Purina can do when briefing conditional certification, that possibility weighs against striking a motion to dismiss. *See, e.g., Zemaitiene v. Salt Lake County*, 2020 U.S. Dist. LEXIS 197172, \*8 (D. Utah Sep. 24, 2020) (denying a motion to strike an untimely filed motion to dismiss pursuant to Rule 12(f) because no prejudice was shown, and because the substantive relief could be refiled

through a subsequent motion), *vacated in part on other grounds*, 2022 WL 1013811 (10th Cir. April 5, 2022).  Plaintiff concedes in his response to Purina's first Motion to Dismiss Plaintiff's Amended Complaint that the Court will have to decide the *Bristol-Myers* personal jurisdiction issue at some point in this case, namely at the conditional certification stage.  Therefore, delaying the decision over the permissible jurisdictional scope of the putative FLSA collective does nothing to avoid the Court having to decide the issue, imposes significant prejudice on Purina, will cause significant disputes relating to the scope of discovery, and will meaningfully prevent a potential resolution of this case as articulated in Purina's Rule 12(b)(2) Motion.  In his Motion to Strike, Plaintiff asserts no prejudice as a result of Purina filing its Rule 12(b)(2) Motion promptly after Plaintiff first articulated his intent to pursue a nationwide FLSA collective.  To grant Plaintiff's Motion to Strike and wait to resolve the personal jurisdiction issue would unnecessarily extend and complicate this litigation.

For the foregoing reasons, Purina respectfully requests that the Court deny Plaintiff's Motion to Strike and consider Purina's Rule 12(b)(2) Motion to Dismiss so as to resolve the personal jurisdiction issue and define the scope of Plaintiff's putative FLSA collective in this case at the outset.

<div style="margin-left:40%;">

*/s/Philip R. Bruce*
Philip R. Bruce
Oklahoma Bar No. 30504
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102-7103
Telephone:   (405) 552-2390

</div>

Facsimile:      (405) 228-7390

Kyle B. Russell
Kansas Bar No. 20457
Kyle.Russell@jacksonlewis.com
JACKSON LEWIS P.C.
7101 College Blvd., Suite 1200
Overland Park, KS 66210
(913) 981-1018 – Telephone
*Licensed to practice in W.D. Okla.*

Eric R. Magnus
Georgia Bar No. 801405
Eric.Magnus@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th St., NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 – Telephone
*Licensed to practice in W.D. Okla.*

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of November, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.


<u>*/s/Philip R. Bruce*</u>
Philip R. Bruce

4855-1206-1247, v. 2