IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1.  JOSHUA TERSKA, on behalf of himself　)
    and others similarly situated,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　　Case No. CIV-22-0513-HE
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)
1. NESTLE PURINA PETCARE CO.,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　　　　)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND
MOTION TO DISMISS AMENDED COMPLAINT**

The Plaintiff, Joshua Terska, on behalf of himself and others similarly situated, offers

the following response in opposition to Defendant's "Rule 12(b)(2) Partial Motion to Dismiss"

[Dkt. 17].

**I – DEFENDANT DID NOT OBTAIN LEAVE TO FILE A SECOND MOTION
CHALLENGING THE AMENDED COMPLAINT**

Initially, the motion should be denied at the outset as Defendant never sought or

obtained leave of Court to file a second Ruel 12(b) motion challenging Plaintiff's Amended

Complaint.  Defendant's first Rule 12(b) motion was filed September 30, 2022 [Dkt. 14] and

the Court denied such motion on November 17, 2022 [Dkt. 19].   Defendant's failure to seek

and obtain leave prior to filing a second Rule 12(b) motion is reason enough to deny such

motion.  See *Gardner v. Long*, No. 2:18-cv-00509, 2020 U.S. Dist. LEXIS 49023, at *12 (D.

Utah Mar. 20, 2020)("Gardner did not seek leave to file his Motion for Summary Judgment,

as required by the Filing Restrictions. This alone is reason enough to deny the Motion.").

Because Defendant did not obtain leave from the Court to file a second motion to

dismiss the Amended Complaint, it's assertion of the "lack of personal jurisdiction" defense

is procedurally invalid.  While Defendant could have asserted a personal jurisdiction defense in its first motion challenging the Amended Complaint, or waited to assert the defense in its Answer, "[i]f a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992), underlining supplied; accord *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1314 (10th Cir. 1994).  Defendant's failure to assert the defense in its *first* motion to dismiss challenging the amended complaint results in Defendant's waiver of that defense.

Should the Court grant post-hoc leave to file the second motion [Dkt. 17], or to assert the "lack of personal jurisdiction" defense, the motion should nonetheless be denied on its merits.

## II – DEFENDANT'S CHALLENGE TO THE COURT'S PERSONAL JURISDICTION IS PREMATURE

Defendant claims that under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) the Court lacks jurisdiction over opt-in plaintiffs located outside of Oklahoma. Such argument is premature as the matter has not been conditionally certified and no putative plaintiff from outside Oklahoma has filed an op-in notice.  Defendant does not dispute that the Court has jurisdiction over the claims brought by the *named* Plaintiff.  In this regard, it is premature for the Court to address whether it has jurisdiction over potential plaintiffs unless and until such plaintiffs seek to opt-in to the case.  See, e.g., *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. Kan. 2001)("Unlike class actions under Rule 23, 'no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.' [29 U.S.C. §

216(b)].”), also *Warren v. MBI Energy Servs.*, Civil Action No. 1:19-cv-00800-RM-STV, 2020

U.S. Dist. LEXIS 173198, at *5-6 (D. Colo. Sep. 22, 2020):

> The Court recognizes most of the briefing addresses whether this Court may exercise specific personal jurisdiction over non-Colorado, putative, opt-in plaintiffs in light of *Bristol-Myers*. However, the Court notes this argument puts the proverbial cart before the horse given the procedural posture of this lawsuit — personal jurisdiction over potential plaintiffs is a non-issue where the Court need determine only whether Warren has met his burden of establishing that the "putative class members were together the victims of a single decision, policy, or plan." See *Norwood*, 2016 U.S. Dist. LEXIS 181332, 2016 WL 7666525, at *1.

Also *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18-3831, 2020 U.S. Dist. LEXIS 119283, at *21

(E.D. Pa. July 8, 2020)(“The FLSA clearly indicates that the Court cannot decide whether it

has jurisdiction over individuals who have not yet opted-in because they are not parties to the

collective action.”).

Plaintiff has not filed a motion for conditional certification. Upon doing so, Defendant

is free to challenge the scope of the proposed class for lack of personal jurisdiction over some

of the putative plaintiff the motion may seek to include. Until that time, however, there is

simply not an issue of personal jurisdiction before this Court.

### III – THE COURT HAS PERSONAL JURISDICTION OVER OUT-OF-STATE OPT-IN PLAINTIFFS

Defendant's primary argument is that the U.S. Supreme Court's decision in *Bristol-Myers*

*Squibb Co. v. Superior Court* applies to FLSA collective actions. *Bristol-Myers* found that a *state*

*court* lacked jurisdiction to entertain *state claims* brought by non-residents of that state. *Bristol-*

*Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017). The Court's decision was *limited* to

analyzing the “due process limits on the exercise of specific jurisdiction by a State”. *Id.* at

1783.  The Court "le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court". *Id.*[1]

Unlike in *Bristol-Myers,* where the issue was a *state court*'s jurisdiction to adjudicate purely *state claims* asserted by non-residents of that state, Plaintiff asserts claims under the FLSA; a *federal statue that applies to the entire United States*.  To counsel's research, no Circuit Court has extended *Bristol-Myers* to FLSA collective actions.  However, the trend appears to be (to counsel's research) courts declining to apply *Bristol-Myers* to FLSA collective actions.  The reasoning behind this line of decisions is thoroughly explained in *Warren v. MBI Energy Servs., Inc.*, Civil Action No. 19-cv-00800-RM-STV, 2020 U.S. Dist. LEXIS 32383, at *15-17 (D. Colo. Feb. 24, 2020):

> No circuit court of appeals has addressed the impact of *Bristol-Myers* on FLSA collective actions. . . . And in the wake of *Bristol-Myers,* federal district courts are divided on the question of whether that decision divests courts of specific jurisdiction over the claims of non-resident plaintiffs in FLSA collective actions. . . . One line of cases stems from *Swamy v. Title Source, Inc.*, which held that "*Bristol-Myers* does not apply to divest courts of personal jurisdiction in FLSA collective actions." No. C 17-cv-01175 WHA, 2017 U.S. Dist. LEXIS 186535, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). The *Swamy* Court reasoned that an FLSA claim is "a federal claim created by Congress specifically to address employment practices nationwide," that "Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated,'" and that Congress "in no way limited those claims to in-state plaintiffs." *Id.* (citing 29 U.S.C. §§ 202, 207(a), 216(b)). The court also noted that applying *Bristol-Myers* to collective actions "would splinter most nationwide collective actions, trespass on the expressed intent of Congress, and

---

[1] The Supreme Court later refined its rule in *Bristol-Myers*, clarifying that "[n]one of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do. [7] As just noted, our most common formulation of the rule demands that the suit "arise out of or relate to the defendant's contacts with the forum." Id., at ___, 137 S. Ct. 1773, 198 L. Ed. 2d 395, 403) (quoting Daimler, 571 U. S., at 127, 134 S. Ct. 746, 187 L. Ed. 2d 624; emphasis added; alterations omitted); see supra, at ___, 209 L. Ed. 2d, at 234. The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing". Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 141 S. Ct. 1017, 1026 (2021)

greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Id.* The court concluded that to satisfy personal jurisdiction in an FLSA collective action, the defendant must be "subject to personal jurisdiction in [the forum] to claims brought by . . . the sole named plaintiff." *Id.*

* * *

The Court finds the *Swamy* line of cases more persuasive, for the following reasons. First, the FLSA collective action context is fundamentally distinguishable from the mass tort action before the Supreme Court in *Bristol-Myers*. As other federal district courts have recognized, in a FLSA collective action, "there is only one suit: the suit between Plaintiff and [the] Defendant[s]. While Plaintiff may end up representing other class members, this is different than a mass action where independent suits with independent parties in interest are joined for trial." *Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 U.S. Dist. LEXIS 208561, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019) (quoting *Morgan v. U.S. Xpress, Inc.*, No. 3:17-cv-00085, 2018 U.S. Dist. LEXIS 125001, 2018 WL 3580775, at *3-*6 (W.D. Va. July 25, 2018) (determining *Bristol-Myers* did not apply in the FLSA collective action context)). "This is critically important because *Bristol-Myers*[] framed the specific jurisdiction analysis at the level of the suit: the *suit* must arise out of or relate to the defendant's contacts with the forum." *Id.* (quoting *Morgan*, 2018 U.S. Dist. LEXIS 125001, 2018 WL 3580775, at *5); *see also LaVigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293, 297 (D.N.M. 2019) (distinguishing *Bristol-Myers* in the class action context because, unlike a mass tort action combining multiple suits, in a class action one plaintiff represents multiple similarly situated individuals). Unlike the mass tort action in *Bristol-Myers*, the only suit before this Court *does* arise out of and relate to MBI's contacts with Colorado. *See id.*

* * *

Second, the Court finds that a broader reading of *Bristol-Myers* would frustrate Congress' goals in passing the FLSA. Under the statute, "Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated,' and in no way limited those claims to in-state plaintiffs." *Swamy*, 2017 U.S. Dist. LEXIS 186535, 2017 WL 5196780, at *2 (quoting 29 U.S.C. § 216(b)); *see also* 29 U.S.C. §§ 202, 207(a); *Turner*, 2020 U.S. Dist. LEXIS 16785, 2020 WL 544705, at *2 (same); *Meo v. Lane Bryant, Inc.*, No. CV 18-6360 (JMA) (AKT), 2019 U.S. Dist. LEXIS 174552, 2019 WL 5157024, at *12 (E.D.N.Y. Sept. 30, 2019) ("As a remedial statute, Congress intended for nationwide FLSA collective actions. Applying *Bristol-Myers* to FLSA collective actions would countermand that purpose."); *Seiffert v. Qwest Corp.*, No. CV-18-70-GF-BMM, 2018 U.S. Dist. LEXIS 211287, 2018 WL 6590836, at *2 (D. Mont. Dec. 14, 2018) ("*Seiffert I*") ("Unlike the claims at issue in *Bristol-Myers*, . . . the FLSA claims before the Court arise from a federal statute designed to address employment practices nationwide."), *motion to certify appeal denied*, 2019 U.S. Dist. LEXIS 28658, 2019 WL 859045 (D. Mont. Feb. 22, 2019) ("*Seiffert*

5

*II*"). The Court also agrees that preventing putative plaintiffs who do not reside in the state where the suit is brought, or in a state where the defendant is domiciled, from being a part of the collective action "would splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Swamy*, 2017 U.S. Dist. LEXIS 186535, 2017 WL 5196780, at *2. *Bristol-Myers* does "not mandate[]" such a result, and the Court declines to substitute its judgment for that of Congress by expanding the reach of *Bristol-Myers* in the manner proposed by MBI here. *Id.*

Finally, "[i]t is well settled that the original plaintiff in a collective action under the FLSA dictates a district court's analysis of specific jurisdiction." *Seiffert II*, 2019 U.S. Dist. LEXIS 28658, 2019 WL 859045, at *4 (citing cases); *see also Szewczyk v. United Parcel Serv., Inc.*, No. 19-1109, 2019 U.S. Dist. LEXIS 182998, 2019 WL 5423036, at *8 (E.D. Pa. Oct. 22, 2019) ("[I]t is well-established that when a single named plaintiff seeks to bring a claim on behalf of a class or collective, that named plaintiff must establish that the court has personal jurisdiction over the defendant with respect to his or her claim." (collecting cases)); *Senne v. Kan. City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015) (noting that specific jurisdiction must be demonstrated by the named plaintiffs in a FLSA collective action). Moreover, from a practical standpoint, the ultimate certification issue could be delayed continually "if the district court had to evaluate whether it possessed personal jurisdiction over each new opt-in plaintiff." *Seiffert I*, 2018 U.S. Dist. LEXIS 211287, 2018 WL 6590836, at *4. Here, the Court has determined, and MBI does not contest, that specific jurisdiction exists over Mr. Warren's claim, the sole named plaintiff in this FLSA collective action. The "proper exercise of personal jurisdiction over [Mr. Warren] proves sufficient at this stage of the case to satisfy the personal jurisdiction requirement for an FLSA collective action." *Id.*; *see also Swamy*, 2017 U.S. Dist. LEXIS 186535, 2017 WL 5196780, at *2 ("It is undisputed that [defendant] is subject to personal jurisdiction in California to claims brought by . . . the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA collective action."). Accordingly, specific jurisdiction over MBI is proper here, and company-wide notice is appropriate.

Underlining supplied.

The district court's holding in *Warren* is consistent with the plain language of the FLSA which repeatedly discusses the right of *any* person whose rights were violated under the FLSA to bring suite on behalf of *any* other person, notwithstanding the state of residence of the opt-in plaintiff.  See, e.g., 29 U.S.C. § 216(b)(An action to recover . . . may be maintained against

any employer . . . by any one or more employees for an in behalf of himself or themselves and

other employees similarly situated . . . The right provided by this subsection to bring an action

by or on behalf of any employee, and the right of any employee to become a party plaintiff to

any such action, shall terminate upon the filing of a complaint by the Secretary of Labor . . .

.").[2]  These provisions of the FLSA do <u>not</u> restrict opt-in plaintiffs to the state of the named

plaintiff/class representative.   Rather, the limitation on class representation is that the

employees must be "similarly situated". *Id.*  Nor must a putative plaintiff reside in the same

state as the named plaintiff in order to be "similarly situated".   Rather, under the Tenth

Circuit's two-step, *ad hoc* approach, "court typically makes an initial 'notice stage' determination

of whether plaintiffs are 'similarly situated.'" T*hiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102

(10th Cir. Kan. 2001)(internal citations omitted).   At the notice stage, the Court "'requires

nothing more than substantial allegations that the putative class members were together the

victims of a single decision, policy, or plan.'" *Id.*  The first step of the conditional certification

---

[2] Congress's intent to allow nationwide collective actions is implicit throughout the FLSA. See, e.g., 29 U.S.C. § 202 ("**§ 202. Congressional finding and declaration of policy** . . . Congress hereby finds that the existence, in industries engaged in commerce . . . of labor conditions detrimental to the maintenance of the minimum standard of living . . . causes commerce and the channels and instrumentalities of commerce to be used to <u>spread and perpetuate such labor conditions among the</u> **workers of the several States** . . . .")(bold, underlining supplied).  The requirements of a minimum wage and overtime are set by federal law that applies to workers in all of the states.  29 U.S.C. §§ 203(b) (defining "commerce" to include "trade . . . among the several States or between any State"), 206 (requiring minimum wage to employees "engaged in commerce or in the production of goods for commerce"), 207 (overtime compensation for employees "engaged in interstate commerce"), 211(c)(requiring employers subject to the FLSA to keep records notwithstanding which state the employer is incorporated in, does business in, etc.), 213 (defining exemptions that apply to employees across the country), 215 (defining "prohibited acts" under the FLSA not based on a state-by-state basis), 216 (providing fines and penalties for violation of the FLSA and not conditioning such measures on a state-by-state basis), 217 (providing that the "district courts . . . shall have jurisdiction . . to restrain violations" of the FLSA), *inter alia.*

process is "very lenient and typically results in conditional certification". *Blancarte v. Provider Plus, Inc.*, 2012 U.S. Dist. LEXIS 137665, 2-3 (D. Kan. Sept. 26, 2012).  It is at the conditional certification – not the pleading – stage where the plaintiff must set out the geographic scope of the proposed class.  If the court grants conditional certification of a multi-state class, putative plaintiffs in other states will have the opportunity to file an opt-in notice.  Notably, however, that neither the FLSA nor *Thiessen* and its progeny require opt-in plaintiffs to separately serve summonses upon the defendant.

Defendant is essentially asking this Court to hold Plaintiff to a higher pleading standard than the standard for conditional certification.  See, e.g., *Butler v. Tfs Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 U.S. Dist. LEXIS 221879, at *19-20 (W.D. Tex. May 17, 2017):

> While the undersigned agrees that, at the pleading stage, plaintiffs asserting FLSA collective actions must make plausible allegations that there are similarly situated employees so as to support a collective action, this requirement is a low bar under Rule 8. Plaintiffs' Second Amended Complaint must simply contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678. There is no basis for Defendants' argument that more particularity is required in the collective action context. Moreover, it would be incongruous to apply a version of a heightened-pleading standard to a collective action complaint given that the *Lusardi* standard, which governs conditional certification, sets such a low bar for certification. *See Craven*, 2014 U.S. Dist. LEXIS 11668, 2014 WL 345682, at *7 ("Even at the notice stage, usually, because discovery has not yet occurred, 'a fairly lenient standard' is applied and courts do not review the underlying merits of the action in deciding whether to conditionally certify the class.") (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 91-92, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)).

This Court already found that Plaintiff's Amended Complaint meets the minimum pleading requirements of Rule 8.  Order, Dkt. 19.

**WHEREFORE**, Defendant's Rule 12(b)(2) motion should be denied.

**RESPECTFULLY SUBMITTED THIS 6TH DAY OF DECEMBER 2022**.

HAMMONS, HURST & ASSOCIATES

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 6th day of DECEMBER, 2022.

| | |
|---|---|
| Philip R. Bruce, OBA #30504<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>Eighth Floor, Two Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 731020-7103<br>Telephone: (405) 235-9621<br>Facsimile: (405) 235-0439<br>philip.bruce@mcafeetaft.com<br>*Counsel for Defendant* | Kyle B. Russell<br>Kansas State Bar No. 20457<br>Kyle.Russell@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>7101 College Blvd., Suite 1200<br>Overland Park, KS 66210<br>(913) 981-1018 – Telephone<br>Licensed to practice in W.D. Okla.<br><br>And<br><br>Eric R. Magnus<br>Georgia Bar No. 801405<br>Eric.Magnus@jacksonlewis.com<br>171 17th St., NW, Suite 1200<br>Atlanta, GA 30363<br>(404) 525-8200 – Telephone<br>Licensed to practice in W.D. Okla.<br>*Counsel for Defendant* |

s/ Amber L. Hurst